# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 06-2762

| | |
|---|---|
| THE AMERICAN LEGION and NICHOLAS RIBAUDO, | PETITIONERS, |
| v. | |
| R. JAMES NICHOLSON, SECRETARY OF VETERANS AFFAIRS, | RESPONDENT. |

Before GREENE, *Chief Judge*, and KASOLD, HAGEL, MOORMAN, LANCE, DAVIS, and SCHOELEN, *Judges.*

## O R D E R

This matter has been referred to a full-Court panel. Oral argument on the merits of the petition will be held on December 6, 2006, at 10:00 a.m. Any interested amicus curiae may file a brief not later than 10 days after the date of this order. *See* U.S. VET. APP. R. 29.

Additionally, the petitioners, not later than 5 days after the date of this order, will file with the Court and serve a copy on the respondent a memorandum of law addressing the third element of the associational-standing test–that "'neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 689 (Fed. Cir. 2000) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)). Further, the memorandum of law shall address how and on what basis The American Legion, or any veteran's service organization, has standing to petition the Court under the All Writs Act, 28 U.S.C. § 1651(a). The respondent, not later than 5 days after the date of service of the petitioners' memorandum of law, will file a memorandum of law addressing the petitioners' arguments.

Further, filings by The American Legion will be construed as an amicus brief on the merits if the Court determines The American Legion does not have standing.

Upon consideration of the foregoing, it is

ORDERED that, not later than 10 days after the date of this order, any interested amicus curiae may file, and serve on the parties, a brief. It is further

ORDERED that, not later than 5 days after the date of this order, the petitioners file and serve on the respondent a memorandum of law, not to exceed 15 pages, addressing the third element of the associational-standing test and whether the fact that this case involves a petition for extraordinary relief in the nature of a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), has any bearing on the issue of associational standing.  It is further

ORDERED that, not later than 5 days after service of the petitioners' memorandum of law, the respondent file and serve on the petitioners a response, not to exceed 15 pages, to the petitioners' memorandum of law addressing the petitioners' associational-standing argument and whether the fact that this case involves a petition for extraordinary relief in the nature of a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), has any bearing on the issue of associational standing.  It is further

ORDERED that, for purposes of any filing or service made pursuant to this order, Rule 25 of the Court's Rules of Practice and Procedure is suspended and all filings and service shall be accomplished in person or by facsimile.


DATED:      November 14, 2006                    PER CURIAM